Service Parts Installation, et al. Ms. Foggen for the appellants, Mr. Oppenheim for the appellees. Good morning. Good morning. May it please the court. The principal issues in this case are first, whether there's a final judgment through which this court has appellate jurisdiction at all, and second, if so, whether there remain disputed issues of material fact on whether Cincinnati effectively reserved its rights to deny indemnity coverage and whether All Plumbing and Shafik were somehow prejudiced before they knew that Cincinnati reserved its rights. Cincinnati submits that the appeal should be dismissed and the case remanded because the issues have not been fully adjudicated. An order is not final simply because it says so. Finality depends on the claims asserted and the scope of the declaratory judgment action. Here, Cincinnati explicitly sought a declaration of the duty to defend and indemnify under the primary coverage part as well as a declaration of whether coverage is barred under the excess coverage part based on a series of evidence. Isn't there an antecedent jurisdictional problem, which is that there was no default judgment against two of the parties? Your Honor, I believe that is an alternate ground on which the court could find that there is no appellate jurisdiction. There is case law in the Ninth Circuit that a default without a default judgment is not a final judgment and therefore precludes appellate jurisdiction. So you've appealed, you're the appellant, right? Yes, Your Honor. And you're arguing that there's no, we have no jurisdiction because there were two, two of the parties, no default judgment against two of the three, right? Among those reasons, yes. As far as you're concerned, that's, that's the end of the case. We don't, we don't have to go any further, right? Correct, Your Honor. Okay. We also believe that there is, there is no jurisdiction because there are unadjudicated issues that were overlooked or left unresolved by the trial court, specifically with respect to the excess coverage. And as I was referencing a moment ago, the declaratory judgment complaint explicitly requests a declaration with respect to the excess coverage part and the coverage terms and defenses. So in your motion seeking reconsideration and clarification, you, your client asked for basically three things as I read it. One, that the district court was wrong in holding that you had not effectively preserved your rights. And that the district court needed to clarify whether or not the deductible and the excess coverage were subject to the non-preservation. Where did you raise the point, I'm just thinking if I had received your motion as the district court, where did you indicate that the district court had failed to address all of the related issues if you had sought mainly your obligations to indemnify under the excess part? Heather? Your Honor, in raising the question about whether the original decision precluded Cincinnati from proceeding on the excess coverage defenses, the question was, do we have a right to raise our excess coverage defenses and proceed to litigate them? And in fact, even after the court ruled on the motion for clarification or reconsideration, we requested a status conference because we had no oral argument before the court to have an opportunity to present to the court. But that's afterward. I'm simply reading your motion for reconsideration and your motion for clarification. And so you think the district court was on notice. I just want to be clear about that. Your Honor, absolutely we do. The question was, there are unresolved issues here. What about the excess coverage part? It's a whole separate part as to which we've asked for a declaration of our rights. We don't believe that your decision says we're precluded from raising those. Hold on just a second. All right, you may continue. I'm sorry, Your Honor. No, it's not your fault. That we don't believe that your decision says we're precluding from raising those coverage defenses, meaning we would like to proceed now, raise those coverage defenses and have them resolved. So we do believe that the court was on notice that the decision was not final. I looked at your declaratory judgment complaint, and I don't see where you raise a claim with respect to the deductible endorsement, where you ask for the court to declare rights and obligations with respect to that. Am I missing that? Your Honor, I believe that the declaratory, the complaint does encompass the provisions of the policy. The deductible is not cited in a separate paragraph in the complaint, whereas, for example, the excess coverage defenses are each enunciated in a separate paragraph in the complaint for declaratory judgment. So to the extent that you're saying that you were owed a ruling on that, so to speak, and that that precludes our jurisdiction, why should I find that if it's not in the complaint? Your Honor, the complaint does encompass the scope of the coverage and whether coverage is applicable, whether indemnity coverage is applicable. And the complaint cites the two, all plumbing and shafik, and in doing so, the reservation of rights letter makes clear that any coverage provided is subject to the limits of the policy and the deductible. So the deductible was plainly in there in terms of the notice, the reservation of rights, the coverage issues that were preserved by Cincinnati. And the district court understood that, I mean, because in the reconsideration motion, there was a whole discussion about the fact that the application of the deductible had not been addressed by the court and that we had not, you know, waived the right because of the preclusion to address the deductible. Well, the way I read the record, in your motion for summary judgment, you clearly spelled out these other issues as to your potential obligation to indemnify. But then the district court granted summary judgment for FDS and said it was a final order. I know that's not dispositive, but at least that was the district court's understanding of what was before it. Then you get to your motion for reconsideration, and let's ignore the clarification part for a moment, in refusing to treat your December 2nd letter in the Love case as sufficient reservation of rights in the FDS case, basically because the defendants in the FDS case knew what your client's position was as to reservation of rights. Your Honor, I think the challenge was twofold, that there were disputed issues of material fact, both with respect to... I know you think that, but where is that in the motion? So the district court knows what it is you're asking her to rule on. That's all I want to be clear about. There are several places in the motion, and I do have some citations in our brief, and on rebuttal I can bring them up. I don't want to cause the court's time to look for them. Well, the court wants an answer. There are several places in the motion where we cite the fact that the facts did not support a determination that notice was inadequate. I mean, you may be right, but I'm just looking for it. All right, and I'm looking at your... I'm at 2422, JA2422. Do you have that in front of you? This is the memorandum in support. And it lists three things. See that on the first page there? I'm with you, Your Honor. All right, so the first has to do with the notification of your reservation of rights, correct? Yes. And then two and three go to these clarification issues. Correct, Your Honor. So the motion, the memorandum in support of the motion for reconsideration and clarification really expands on what was requested in the motion for summary judgment in the first instance. And in the motion for summary judgment in the first instance, it's very clear that we advised the court that there were disputed issues of material fact as to both... Okay, and so you lost. That's all I'm trying to get at. You lost that. The district court ruled against you, and it said, here's my final judgment, summary judgment, final appealable order. Then you filed for reconsideration and clarification. Now, I just want to see... I want to be clear that the district court was on notice that you were challenging everything underlying the motion for summary judgment. Your Honor, I think the... Everything that's relevant to what you're arguing now. Yes, Your Honor. I think the district court, in fairness, was on notice that we believed the district court had erred. No question about that. And you gave one reason, and then you asked for clarification as to two other matters. With respect to the motion for reconsideration, we asked the court to reconsider the finding as a whole, and specifically sought to identify an issue that we thought the court had overlooked. We knew the court had ruled against us with respect to the disputed issues of material fact. And on reconsideration, out of respect for the court, we didn't re-argue every point in the summary judgment brief. Are you telling me that number three there encompasses that point? I mean, you may be right. I just want to be clear that that's the way you're reading this motion. Yeah. Your Honor, I believe that the motion... I mean, the numbered points are kind of for the convenience of the court, but I believe the motion... This is your argument to the district court as to why she should reverse her judgment. It's not convenience. I mean, you're trying to tell her where her errors are. Right. Well, Your Honor, we tried to enunciate that, of course, in the summary judgment brief as a whole, and on reconsideration, the goal of the reconsideration motion is not necessarily to re-argue every point presented to the trial court. Precisely. The question is, did the trial court have a fair opportunity to consider those arguments? I think the answer is plainly the court did, through both the summary judgment briefs themselves and the motion for reconsideration. All right. I won't take up any more time with this. Okay. Thank you. Can I sort of clarify the very first question I asked you about the absence of default judgment against two of the defendants? Did I hear you agree with me that that means there's no final judgment and we have no jurisdiction? Yes, Your Honor. Is that what you say in footnote 2 of your brief? In footnote 2, we say that ultimately the effect of the court's ruling would bind those parties so that if there were a final judgment, ultimately everyone who was a party to the case would be bound. We don't believe there is a final judgment because the district court's ruling does not adjudicate all of the issues. That was a very inscrutable footnote. All right. But you agree that there's no jurisdiction? I do, Your Honor. Okay. Fine. And you mentioned the Ninth Circuit case. Is that Ninth Circuit case cited in your brief? I don't believe it is cited in the brief, Your Honor. Can you give me the cite now? I can, yes. I think I have a head in my nose here. Again, I'm sorry, Your Honor. I don't have it with me at the podium. But there is a Ninth Circuit case that says explicitly that a default without a default judgment entered means there is no final judgment and no appellate jurisdiction. I apologize for not having the citation with me here, Your Honor. So you bring it to our attention at oral argument. Is that correct? Yes, Your Honor. Has counsel for the other side been notified? No, I'm just asking. Serious. I mean, one of the things about this case for me is just to be clear what's being asked. All right. So maybe when you come back at rebuttal, you'll give us the citation to the Ninth Circuit case? Thank you, Your Honor. All right. Thank you. May it please the Court, this is a case about waiver. It's about multiple do-overs at every level. First, we have an underlying liability case brought by FDS against all plumbing. The body was asked to defend. They provided counsel and did not purport to reserve any rights. Before you go into the merits, the special panel of this Court ordered the parties to address Rule 54, right? And whether we have jurisdiction because there was no default judgment against two of the parties, correct? That's correct, Your Honor. Okay. So the only thing I found in your brief about that is Footnote 8. Is that right? I think that's right. Where you say you agree with the plaintiff that there's no jurisdiction. You agree with the plaintiff that there is jurisdiction. Right. Why? Because the effect of the judgment, the summary judgment against the plaintiff, Cincinnati, would affect every defendant equally. What about Rule 54? Well, either the other two parties who were defaulted were defaulted and out of the case or they weren't. And if they were, then it's a non-issue. And if they weren't, then the judgment appealed from takes care of them just as it takes care of FDS. You haven't answered my question about Rule 54. I guess... It says any order or other decision that adjudicates fewer than dot, dot, dot, the rights and liabilities of fewer than all the parties does not end the action. That's what it says. And you were ordered to brief that. Well, Your Honor... And all you have is a footnote saying you agree with the plaintiffs. And I honestly do not understand. This seems to just be a classic Rule 54 problem. The district court entered default judgment against one but not two other parties. So it's not final. So it's not appealable. Well, what the district court did is it entered defaults against two defendants. And then later on, it entered a final judgment against the plaintiff on all of the issues in the action. That's where we disagree with plaintiff. It resolved the question of whether Cincinnati has a duty to defend and has a duty to indemnify the underlying action. So it resolves all the questions as to all the parties. Whether or not these other two parties were properly... Where would I look in your brief to find that analysis? I would imagine footnote eight, Your Honor. Okay. And I apologize if we didn't give it as firm a treatment as it deserved, but we just... All you say is that you agree with the plaintiffs who say there is no jurisdiction. Well, we agree with the plaintiffs on the point that... The plaintiffs say there is no jurisdiction for other reasons. They think that... You just heard what she said. She agrees there's no jurisdiction because there's no default against two of the parties. And that is not what I understood them to say in their brief. I didn't read their brief that way either. That's why I asked you the question. So to clarify, our agreement was with the position they took in their brief, not the position they took this morning. But ultimately, I think the Rule 54 answer is if Shafik and Alt Plumbing were still in the case by virtue of the fact that no default judgment was entered against them, then they are the beneficiaries of the ultimate summary judgment entered against Cincinnati just as FDS is. And that summary judgment resolves all claims as to them as well as us. I guess, you know, this case is interesting. I mean, just mixing everything up. I wouldn't use the word interesting. Excuse me. In the sense that there's a claim, there's a complaint filed by your client against, I'm going to call them defendants. They default, right? Then the insurance company for the defendants files for this declaratory judgment before the default is entered. Is that correct or after the default? Your Honor, I think we may be mixing up the two cases. There's the claim that we filed against the defendants in the state court, and that's still being litigated. Wait. FDS versus plumbing, Alt Plumbing. The insurance company removed that to the federal court. Then the federal court sent it back to the superior court. That's right. Then when does the default come in? I believe the default we're referring to is the default of Alt Plumbing in this action, the declaratory brought by Cincinnati. So they didn't answer the request for a declaratory judgment. Correct. But you did. Yes, Your Honor. And you're the plaintiff. We are the underlying plaintiff. We are a defendant here. Yes, and you never argued in the Cincinnati case that the defendants in the underlying case had already defaulted? Well, in the Cincinnati case, their interests were aligned with ours. All right. So I would have imagined that they would have at some point argued for a default and gotten a default judgment. So despite this court's order asking the parties to brief this issue so we would understand it and have a chance to think about it and do some research about it, the opening brief says there is no problem. All right? The court has jurisdiction in footnote two. Your responsive brief says, I agree. And that's where we are today. Right. Well, and I think part of the confusion is the parties didn't follow the court's order. Right. All right, that's where the confusion is. The court was very clear that this was an issue that needed to be resolved, and we were seeking the assistance of the parties. And basically, we got none. And this morning, we hear about a Ninth Circuit case. Yeah, and I apologize for that. What I was going to say is the confusion is that Cincinnati, after filing the appeal, moved to dismiss it for lack of jurisdiction for a completely other reason. And when we got the court's order, we addressed their arguments on lack of finality as opposed to this Rule 54 issue that we missed.  I mean, even if the Rule 54, even if you're right about Rule 54, I don't see how you get beyond the other big looming problem with this case, which is that the declaratory judgment complaint makes very clear two or three times in its request for relief that they want a declaration that there's no coverage under the excess policy or the excess part of the policy, however you want to phrase it. The district court ruled very explicitly that Cincinnati Insurance still had all of their rights to disclaim coverage there. So there hasn't been a ruling on that claim. Well, Your Honor, yes, but that's not in isolation the sort of claim that you're entitled to a declaration on, because really what the declaratory judgment is about is do they have to defend, do they have to indemnify? And what the district court said is essentially it doesn't matter whether they have a duty. It's not what the district court said. They said, the district court said I'm not deciding anything about duty to defend or duty to indemnify. Well, actually, the district court said there is no duty to defend yet on the excess part because that duty hasn't kicked in yet, and I'm not going to decide anything about whether there's a duty to, I'm sorry, about the scope of the indemnification. And that was entirely proper because the defense duty was resolved by saying that under the primary coverage part, they waived their right to contest coverage and have to defend. The court also said that because of the waiver, they're going to have to indemnify everything under the primary policy. But Cincinnati filed a lawsuit saying, we want to know whether we're going to have to indemnify anything under the excess part if the liability reaches that. And by waiving their limits on the primary part, they made it impossible for the liability to ever reach the excess part. The court didn't rule that they waived their limits on the primary part. The court ruled that by operation of the waiver, they are liable for the full judgment and costs. Where did the court rule that? The original summary judgment. Show me that in the order. You know, it's not explicit, but it's implicit. And that's what we've argued in our brief, that that's what the case law says. What case law? The Continental Casualty versus Hartford case is the one that we principally cite. But I think more to the point, Cincinnati never argued that if it waived under the primary coverage part, that it could preserve its limits. Judge Rogers, you pointed out that in their motion for summary judgment, they don't make any of these arguments. And in their motion to reconsider, after they lost, they said there are two things that aren't waived, we think, even if we waived. One is the deductible. The second is the excess. They never said the limits. That's something that propped up for the first time in this court. If there were no limits, then who cares whether there's liability under the excess coverage? Exactly, Your Honor. Which is exactly my point, why your argument doesn't make any sense. If they had unlimited liability under the primary policy and they conceded that, then why are they saying, please allow us to disclaim coverage under the excess policy? And that's a mystery. And the answer is, I think, somebody made a mistake. The mystery is that they didn't make that argument. No, they made the argument that the excess is carved out because you don't have a duty to defend under an excess policy. They made the argument that the deductible is carved out, even though it doesn't apply to one of the two coverages in the primary policy. They never said that a waiver under the primary policy leaves intact their limits. There's lots of mysteries in this case, but that's not one of them. One of the mysteries is why the person who's got the most to lose here, poor Mr. Shafik, isn't able to have his own lawyer in the DJ action and there's a default against him, and it's his company that's being sued. You've lawyered up on behalf of these plaintiffs. The insurance company has lawyered up, and the poor businessman has no lawyer and gets a default against him. But I guess that's not really much of a mystery either. But I digress. Anything further, counsel? No, Your Honors. I think that it's clear that the questions were answered by the district court, that the district court needed to answer, and that Cincinnati's asking for multiple bites at the apple here. It shouldn't count. Thank you. All right. Counsel for Cincinnati Insurance? Your Honor, I think it's absolutely clear that the district court did not rule that the limits were somehow waived as a part of the preclusion of defenses. That would be a fine deal. Do you have the Ninth Circuit citation? Your Honor, I do not. So what case are you talking about? I would be happy to supply the citation. Why do you think there is a Ninth Circuit case? Your Honor, in preparation for the argument, I did see that. Do you have it in your notes? Unfortunately, I do not have it in my notes. And let me ask you, how come you're changing your position on the default? Your Honor, I don't believe it's a change of position. Isn't it footnote two of your brief? Footnote two does indicate that those parties would be bound by ultimately the determination of the court. No, seriously, counsel. Look at the language of footnote two. There would be no reason when I read your brief to think that you were arguing what you're arguing this morning. And you could have argued either way. Your Honor, I would like to apologize to the court for underestimating the importance of this question at the argument. Well, let me say our order, both parties didn't respond to the court's order. And so we read your briefs, and you said it's not an issue. We have jurisdiction. So let's move on. It's extraordinary. All right. So you don't have the Ninth Circuit case. All right. So you're going to make some arguments on the merits, I gather. But I don't really think we're going to get there. I can't speak for my colleagues. Your Honor, with respect to not reaching the merits, I don't believe that the court did resolve all of the issues and all of the claims. With respect to Judge Wilkins' question, I do have one citation for the court, which is Joint Appendix 20, Paragraph 21 of the complaint, where the deductible is also explicitly referenced in the complaint for declaratory judgment by Cincinnati. And, Your Honor, with respect to the question about waiver of limits, it would really be remarkable, it is highly improbable that the court below, sub silentio, made a finding that is at odds with the prevailing law on the topic as cited in our brief. I gather everybody agrees D.C. law applies. Your Honor, we argued that Virginia law applies to court. Do you agree now? Your Honor, we don't believe that there – the court found that there was not a difference between the standards under the law, and we do not object to that finding. So D.C. law applies? So the application of D.C. law here is not disputed. All right. So that's a yes to my question? Your Honor, it's a yes to your question in the sense of the standards. I think it's interesting that everybody ignored D.C. law in terms of the eight corners rule. Because the only site is the children's hospital. In any event, I think we'll take the case under advisement. All right? Your Honor. Yes, did you have one thing? Respectfully, one thing with respect to D.C. law. We're not going to argue D.C. law here today.
judges: Rogers, Tatel, Wilkins